This is a bill to foreclose a mortgage on property standing in the name of Antonetti Di Napoli, widow of Gaetano Di Napoli, which was executed by both of these parties sometime prior to the death of the husband. The wife testified that her husband's money had gone into the property and not hers. Apparently, the husband had it put in the wife's name, although he advanced the money necessary to obtain the property. All the money secured on the mortgage under foreclosure went to the account of Di Napoli 
Son, the firm consisting of Gaetano Di Napoli, the defendant's husband, and their son James. The firm used the money in their business, with the exception of a certain amount which was used *Page 393 
to pay off another mortgage on the property. The widow now contends that she received no benefit from the mortgage, and that she did not realize what the nature of the transaction was when she made it. She seeks to avoid the foreclosure on the ground that it comes within the protection of the "Married Women's act," relieving her from liability for the debts or obligations of the husband, where her personal estate received no benefit.
The authorities seem to be clear, that a married woman may pay the debt of her husband, or mortgage her property for the purpose of canceling his indebtedness; that is a completed executed transaction, and the wife is bound by it. It is different from where she merely undertakes to become a surety for the performance of an executory obligation. It would seem, therefore, that the present defendant has no valid defense to the foreclosure of the mortgage. The defense does not show that any actual fraud was practiced upon her, or coercion, at the time of the making of the mortgage. The official who took her acknowledgment, and another witness, testified very clearly that the whole transaction was explained to her at the time her acknowledgment was taken (which was separate and apart from her husband), and that she thoroughly understood the situation at the time.
The foreclosure should therefore be granted, and I will advise a decree accordingly. *Page 394